UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CECELIA ROBERTS WEBB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16 CV 1703 CDP |
| | ) | |
| THE CITY OF MAPLEWOOD, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs in this putative class action claim that the City of Maplewood, Missouri (the City), caused warrants to be issued against them for "failure to appear" and/or for "failure to pay" on tickets for minor traffic and other offenses, and imposed warrant bond fees that required them to pay hundreds of dollars or be jailed in order to recall the warrant(s). They claim that the extortionist nature of these "warrant recall bonds," and the policies underlying their issuance, deprived them of various of their constitutional rights. The City moves to dismiss the complaint and, alternatively, to strike immaterial, impertinent, or scandalous matter from the complaint. Plaintiffs concede that Count Six of their seven-count complaint should be dismissed, and I will grant the motion to dismiss as it relates to that count. In all other respects, I will deny the City's motions.

## Background[1]

The named plaintiffs are six individuals who allege that they have been arrested on warrants issued without probable cause by the City of Maplewood for failure to appear or failure to pay on minor ordinance violations and were made to pay hundreds of dollars in warrant bond fees or were jailed because they were unable to pay such fees.  They claim that no inquiries were ever made into their ability to pay either the warrant bond fees or underlying fines, and they were not afforded counsel prior to being jailed on the warrants or in relation to the underlying debt-collection proceedings.  They also claim that they are denied fair access to judicial proceedings given the threat of imprisonment if they appear in court without money to pay the warrant fees.  They bring this action under 42 U.S.C. § 1983 asserting claims under the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  They also bring claims of unjust enrichment and due process violations under Missouri law.

Count One of the complaint alleges that, through its policies and practices, the City violated – and continues to violate – the Due Process and Equal Protection Clauses of the Fourteenth Amendment by jailing plaintiffs and/or threatening to jail them on warrants issued for their inability to pay debts owed for traffic and other minor offenses, without conducting any inquiry into their ability to pay and

---

[1] The facts set out here are taken from the allegations in plaintiffs' complaint and are considered true for the purpose of this Memorandum and Order.

without considering alternatives to imprisonment.  Plaintiffs claim that the City has

kept them, and persons similarly situated, in jail unless and until they pay

arbitrarily-determined sums of money to the City.  Plaintiffs allege that other

persons who are likewise subject to these warrants, but who are not indigent and

pay a sum of cash to release the warrants, are not imprisoned.

Count Two alleges that, through its policies and practices, the City violated

– and continues to violate – the First and Fourteenth Amendments by denying

plaintiffs access to judicial proceedings in the municipal court, depriving them of

liberty and procedural due process.  Plaintiffs claim that the courthouse doors are

essentially closed to them because of the threat of imprisonment if they are unable

to pay warrant recall bonds, thereby discouraging and/or preventing them from

attending judicial proceedings to challenge the warrant recall bonds or the

underlying charges of "failure to appear" or "failure to pay" upon which the

warrants rest.

Count Three alleges that the City violated plaintiffs' rights under the Sixth

and Fourteenth Amendments by jailing them for unpaid debts without affording

them the benefit of counsel.  Plaintiffs claim that the City has a policy and practice

of not providing adequate counsel at hearings "where indigent people are ordered

to be imprisoned . . . for unpaid debts (which are, in turn, based on payment plans

arising from traffic and other violations at which the jailed individuals were also

unrepresented)[.]"  (Compl., ECF #1 at 51.)

Count Four alleges that the City's policy and practice of issuing and serving arrest warrants without a fair and reliable determination of probable cause violates the Fourth and Fourteenth Amendments.  Plaintiffs claim that these warrants are issued for failure to pay debts from traffic and other minor cases, without any inquiry into their ability to pay or with knowledge that they are impoverished and unable to pay.  Plaintiffs claim that the City's policy permits wealthy or legally represented persons to remove these warrants with monetary payments to the City, but that persons who cannot afford to make such payments continue to have warrants lodged against them.

Count Five alleges that the use of jail and threat of jail to collect debts owed to the City violates the Equal Protection Clause of the Fourteenth Amendment because it imposes "unduly restrictive methods of collections solely because the debt is owed to the government and not to a private creditor."  Plaintiffs further allege that the "City takes advantage of its control over the machinery of the penal and police systems to deny debtors the statutory protections that every other debtor may invoke against a private creditor."  (Compl., ECF #1 at 52.)

Count Six alleges that, under Missouri Supreme Court Rule 74.06(b)(4), judgments entered for "failure to appear" are void because they fail to comply with the procedural requirements of Missouri Rule of Civil Procedure 37.33(b).  In

response to the motion to dismiss, plaintiffs have conceded that the relief sought in this count is barred by the *Rooker-Feldman* doctrine.  I will therefore grant the City's motion to dismiss as it relates to Count 6.

Count Seven alleges that the City was unjustly enriched when it accepted payments from plaintiffs and others similarly situated on the warrant recall bonds that were issued and imposed through unlawful and unconstitutional means.

As relief, plaintiffs seek a declaration that the City's policies and practices, as outlined above, violate plaintiffs' constitutional rights; a permanent injunction preventing the City from enforcing these policies and practices; an injunction preventing the City from denying court access to any individual and to order the City to forgive all outstanding "failure to appear" fines or "warrant recall" fees that have been assessed but not yet collected; restitution for monies paid to the City pursuant to its unlawful conduct, policies, and procedures; and an award of compensatory damages, attorneys' fees, and costs.

The City moves to dismiss the complaint in its entirety, arguing that various immunity doctrines bar the claims; that the complaint fails to comply with Fed. R. Civ. P. 8(a)(2) and 10(b); that this Court lacks jurisdiction over plaintiffs' constitutional claims for lack of standing and/or ripeness; that plaintiffs have failed to allege sufficient facts to support their constitutional claims; and/or that the City did not unjustly or inequitably appropriate plaintiffs' monies as alleged in Count

Seven.  I will address each of these arguments in turn.

## Discussion

A.   Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal if the court lacks subject matter jurisdiction.  A district court has subject matter jurisdiction in civil actions arising under the laws of the United States.  28 U.S.C. § 1331.

1.   *Plaintiff Lemicy – Standing to Sue for Injunctive Relief*

The United States Constitution vests federal courts with jurisdiction over disputes only if there is a "case" or "controversy."  U.S. Const. art. III, § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  One element of the case or controversy requirement is that the plaintiff must establish that he has standing to sue.  *Raines*, 521 U.S. at 818.  "To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision."  *Johnson v. Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998).  "In the case of complaints for injunctive relief, the 'injury in fact' element of standing requires a showing that the plaintiff faces a threat of ongoing or future harm."  *Park v. Forest Serv. of the United States*, 205 F.3d 1034, 1037 (8th Cir. 2000).  Defendants argue that plaintiff Anthony Lemicy cannot establish such a threat.  At this stage of the proceedings and based on the facts alleged in the

complaint, I disagree.

According to the complaint, the City of Maplewood issued numerous citations to Lemicy in or around 2013 for various violations, including inadequate vehicle registration and failure to provide insurance.  In 2013, Lemicy was arrested on a City warrant for "failure to appear."  The warrant had a bond of $500.  Lemicy could not pay the bond and was jailed for approximately three days before being released.  Lemicy was arrested again in August 2014 on another "failure to appear" warrant issued by the City.  Lemicy could not pay the $500 bond on that warrant and was jailed for approximately three days before being released.  Lemicy was again taken into custody in December 2015 on another "failure to appear" warrant, but he was not jailed at that time.[2]  He was given a court date in January 2016, at which time he appeared and asked the municipal judge to give him credit for time served.  The judge declined and sentenced Lemicy to perform forty hours of community service.

An additional court date was set in June 2016, after which the City issued another warrant for Lemicy's failure to appear, with a $400 bond attached.  Upon learning of the warrant, Lemicy called the city clerk to request a new court date.  The clerk informed him, however, that the warrant recall fee of $400 was in effect and that the warrant could be recalled only by payment of the fee or by being jailed

_____

[2] He had just been released from custody in another jurisdiction on an unrelated charge.

for forty-eight hours.  The clerk further informed Lemicy that the amount of the fee could not be reduced and that the fee could not be waived, even in Lemicy's circumstance of having already been sentenced to community service in lieu of payment.  Lemicy also spoke to the assistant city manager who told him that he would likely be arrested if he came to the municipal courthouse without the $400 fee.

Lemicy, through counsel, filed a motion to recall the warrant, which was denied in August 2016 because Lemicy did not personally appear with counsel to argue the motion.[3]  In September 2016, the municipal court granted the motion after "persistent begging" by both Lemicy and his counsel.  The judge stated that he granted the motion because "Lemicy had 'found himself a persistent lawyer.'" (Compl., ECF #1 at 31.)

The City claims that Lemicy does not have standing to seek injunctive relief for his constitutional claims in this action because the complaint contains no allegations that he has any outstanding warrants against him or any municipal citations presently pending.  The City argues that Lemicy therefore cannot establish that he faces a real and immediate threat of having an arrest warrant issued against him or of having a fine or bond levied against him.  However, based on the facts alleged in the complaint, it appears that Lemicy did not have any

---

[3] He did not personally appear because he feared being jailed if he did not have the money.

outstanding citations pending against him in June 2016 when another "failure to appear" warrant was issued, given that he had already been sentenced to community service.[4]  If the community service sentence was for his earlier failure to appear rather than for the underlying municipal citations, then these citations remain pending.  The complaint alleges only that the warrant was recalled in September 2016; it does not state that the underlying citations went away.  In this circumstance, that is, the continuing pendency of citations against Lemicy upon which the City previously issued warrants, I find the complaint to allege sufficient facts showing that Lemicy faces a threat of ongoing or future harm that will likely occur or continue if the City's alleged unlawful conduct goes unchecked.  *Park*, 205 F.3d at 1037.  *See also Lyons*, 461 U.S. at 102 (past wrongs are evidence of "whether there is a real and immediate threat of repeated injury.").

I will deny the City's motion to dismiss to the extent it claims that this Court lacks subject matter jurisdiction over Lemicy's claims for injunctive relief.

2.      *Plaintiffs Webb, Yates, Eutz, Banks, and Williams – Ripeness*

The ripeness doctrine is grounded in Article III's jurisdictional limit to deciding actual cases and controversies.  *Public Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005).  The basic rationale of the doctrine is to "'prevent the courts, through avoidance of premature

---

[4] It is not clear from the complaint why Lemicy had a June 2016 court date.

adjudication, from entangling themselves in abstract disagreements.'" *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)).  Accordingly, before a federal court may address a question, the dispute must be definite and concrete – not hypothetical or abstract.  *Id.* at 1037-38.

"The touchstone of a ripeness inquiry is whether the harm asserted has matured enough to warrant judicial intervention."  *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (internal citations and quotation marks omitted).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Texas v. United States,* 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580-81 (1985)).  Plaintiffs need not wait, however, for the consummation of a threatened injury in order to obtain preventive relief.  *Parrish*, 761 F.3d at 876.  "If the injury is certainly impending, that is enough."  *Id.* (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979)).

The City argues that the equitable claims of plaintiffs Cecelia Roberts Webb, Darron Yates, and Frank Williams are not ripe for adjudication because the complaint does not allege that there are any outstanding warrants against them, and there is no certainty that warrants will be issued against them in the future or that they will have to post any bonds.  The City also claims that, although these

plaintiffs have municipal citations pending against them, the complaint fails to allege that they have been found guilty of the charged violations and will have to pay fines.  As to plaintiffs Robert Eutz and Krystal Banks, the City argues that, despite the active warrants against them, their claims are likewise not ripe because there is no certainty that they will be jailed or required to pay bonds on the warrants, especially since the municipal court could recall the warrants if plaintiffs appear in court with attorneys seeking such recall.  I reject the City's arguments.

First, Eutz and Banks are subject to arrest at any time in any jurisdiction on pending warrants issued by the City, thereby triggering the alleged Hobson's choice of paying hundreds of dollars in warrant bond fees or sitting in jail.  The City's argument that this hypothetical scenario may not come to pass if the municipal court recalls the warrants is itself too speculative given that multiple contingencies must occur in order to achieve this perceived resolution:  *if* plaintiffs secure counsel, and *if* plaintiffs appear in court with counsel, the municipal court *might* recall the warrants.  With these pending warrants, allegedly issued without probable cause and without other constitutional considerations, the City's alleged unconstitutional mechanism is already in motion.  At this stage of the proceedings, I find the facts in the complaint sufficient to allege injury to Eutz and Banks that is certainly impending.

Plaintiffs Webb, Yates, and Williams likewise face impending harm.  They

all currently have City citations pending against them and have previously been

arrested on City warrants, jailed, and subjected to hundreds of dollars in warrant

bond fees, which they paid.  In relevant part, the complaint alleges as follows:

- Webb was arrested and jailed by City officers in May or June 2016 for
  reasons unknown to her.  She was released from jail only after paying
  $550 in a warrant bond fee.  The City thereafter issued citations for
  alleged conduct that occurred during the actual arrest, and these citations
  remain pending.  Webb is unable to pay fines associated with these
  citations and fears being arrested even if she is compliant with the law.

- Yates was issued a City citation in January 2016.  He attempted to appear
  in court on the matter but was "too late," and a warrant issued.  He was
  arrested on the warrant in April 2016 and paid $200 in a warrant bond fee
  after spending over two days in jail.  He thereafter appeared in court and
  pled not guilty to the citation because he could not afford the fine that
  would be imposed with a guilty plea.  The citation against Yates remains
  pending.  He fears being arrested for being unable to pay on the citation.

- Williams lives in Maplewood.  He was arrested in 2014 on a City warrant
  and taken to jail.  The bond on the warrant was $300 but was increased to
  $500 for reasons unknown.  He remained in custody for a total of sixteen
  days on this and other warrants from other jurisdictions.  During this
  time, Williams was transferred to other jails and ultimately landed in the
  St. Louis City Jail where he was released.  According to the complaint,
  the St. Louis jail officials determined that sixteen days in jail was long
  enough.  Williams was again arrested on a City warrant in February 2016
  that arose out of a citation issued in 2012 for a violation that Williams
  was unaware of.  He paid the $500 warrant bond fee and was released.
  He was arrested again on March 29, 2016, for failing to appear the night
  before – on March 28 – for trial on the citation.  Williams spent two days
  in jail and was released after paying a $300 warrant bond fee.  Williams
  is afraid to leave his Maplewood home or to travel in the St. Louis area,
  fearing that he may be arrested on charges unknown to him.

The complaint alleges that Webb, Yates, and Williams were each subjected to and

harmed by the City's unconstitutional conduct through its policies and practices in

- 12 -

relation to the issuance of citations and arrest warrants, the imposition of related warrant fees and bonds, and conditions imposed to obtain release from jail and/or from warrants.  Considering that these plaintiffs currently have citations pending against them, a likelihood of additional unconstitutional conduct directed toward them exists, especially given the City's alleged past pattern of conduct against plaintiffs and others, which included issuing and executing arrest warrants on pending citations.

I will deny the City's motion to dismiss to the extent it contends that the equitable claims of plaintiffs Webb, Yates, Eutz, Banks, and Williams are not ripe for adjudication.

B.    <u>Immunity</u>

The City first argues that plaintiffs' constitutional challenges are directed to the conduct of the municipal court only, and that therefore their claims are barred by the Eleventh Amendment's sovereign immunity doctrine given that the municipal court is an arm of the State under Missouri law.  I agree that the complaint's allegations are largely based on action taken by and in the municipal court, but the complaint clearly alleges that this conduct was and is driven by the policies and practices implemented by the City for the purpose of increasing City revenue.  Indeed, in addition to conduct undertaken by the municipal court, the complaint alleges that the City's unlawful policies are also executed through the

conduct of its clerk, city manager, police department, and city attorney – all of whom act under the authority of the city council.  The complaint sufficiently claims that plaintiffs were subjected to unlawful conduct carried out pursuant to the unconstitutional policies and practices of the City of Maplewood.  Because the Eleventh Amendment does not afford protection to political subdivisions such as municipalities, *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979), I will deny the City's motion to dismiss to the extent it seeks to invoke sovereign immunity protection under the Eleventh Amendment.

For these same reasons, the City's argument that the doctrines of absolute judicial, prosecutorial, and quasi-judicial immunity bar plaintiffs' constitutional claims likewise fails.  Although the City attempts to couch the complaint in terms that limit potential liability to individual actors, such as the clerk, judge, and police officers to whom these immunity doctrines may apply, the complaint clearly alleges that it was the City's unconstitutional policies, practices, and procedures that drove the unlawful conduct.  Unlike government officials, municipalities do not enjoy absolute or qualified immunity from constitutional claims brought under 42 U.S.C. § 1983.  *Sample v. City of Woodbury*, 836 F.3d 913, 917 (8th Cir. 2016) (citing *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993); *Owen v. City of Independence, Mo.*, 445 U.S. 622 (1980)).  Municipalities may be liable under § 1983 if municipal policy or custom caused

the unconstitutional injury.  *Id.*

Plaintiffs allege that their constitutional rights were infringed as the result of the City of Maplewood's unconstitutional customs, practices, and policies.  They do not allege *respondeat superior* liability; nor do they claim that these unconstitutional policies were set by independent actions of individual actors. Instead, they claim that these actors merely enforced the City's already established and commonly practiced unconstitutional policies and customs.  This is sufficient to establish liability against the City under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  *See Granda v. City of St. Louis*, No. 4:04CV1689 MLM, 2006 WL 1026978, at *7 (E.D. Mo. Apr. 13, 2006).  In such circumstances, immunity doctrines that may protect individual actors do not protect the City from liability on plaintiffs' claims.  *Sample*, 836 F.3d at 917.

The City's motion to dismiss on the basis of immunity will be denied.

C.    Sufficiency of Facts to State a Claim

To survive a motion to dismiss for failure to state a claim, plaintiffs' allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  I must accept the plaintiffs' factual allegations as true and construe them in plaintiffs' favor, but I am not required to accept the legal conclusions the plaintiffs draw from

the facts alleged.  *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC,*
696 F.3d 766, 768-69 (8th Cir. 2012).  Drawing on my "judicial experience and
common sense," I must consider the plausibility of plaintiffs' claim as a whole, not
the plausibility of each individual allegation.  *Zoltek Corp. v. Structural Polymer
Grp.,* 592 F.3d 893, 896 n.4 (8th Cir. 2010).

The City argues that the facts alleged in Counts One through Five of the
complaint fail to state a constitutional claim because, as argued previously, they
challenge only the actions of a municipal court judge, which is an insufficient basis
to establish municipal custom or policy.  For the reasons stated above in relation to
the City's immunity defense, the complaint alleges sufficient facts to state a claim
of municipal liability against the City under *Monell*.

The City also contends that Count Three fails to allege facts sufficient to
state a claim that plaintiffs were denied counsel, given that Yates, Eutz, Lemicy,
and Banks aver that they are currently represented by counsel in relation to their
municipal citations and related warrants, and Williams and Webb fail to plead that
they requested counsel and were denied.  The City's argument is misplaced.

The general allegations of the complaint state facts alleging that all six
plaintiffs were arrested and taken into custody on "failure to pay" or "failure to
appear" warrants issued by the City and were advised that they could be released
only upon payment of warrant bond fees or after staying in jail for a period of days.

- 16 -

Count Three specifically alleges that plaintiffs were not afforded counsel in relation to their incarceration, which itself arose out of debt-collection proceedings where they likewise were not afforded counsel.  Being subjected to actual imprisonment, and thus being actually deprived of liberty, without being afforded counsel may violate due process in the circumstances alleged.  *See Fant v. City of Ferguson*, 107 F. Supp. 3d 1016, 1032-34 (E.D. Mo. 2015).  The fact that some plaintiffs are now represented by counsel does not affect the alleged denial of counsel in relation to their previous incarceration.  Nor does the failure of other plaintiffs to allege that they specifically requested counsel preclude their claim that the City failed to afford them counsel in relation to their incarceration.

I find at this stage of the proceedings that the facts alleged in the complaint are sufficient to state a plausible claim that the City's failure to afford counsel in the given circumstances violated plaintiffs' due process rights, especially given that they were not afforded any hearing in connection with their imprisonment, there was no inquiry into their ability to pay, and no alternative procedural safeguards were provided.  *See Fant*, 107 F. Supp. 3d at 1032-34.  The City's motion to dismiss on this basis will be denied.

D.     Rules 8(a)(2) and 10(b) and Motion to Strike

The federal pleading rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P. 8(a), and "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).  "[A]ny redundant, immaterial, impertinent, or scandalous matter" may be stricken from the complaint.  Fed. R. Civ. P. 12(f).  Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000).  Accordingly, motions to strike are "viewed with disfavor and are infrequently granted." *Id.*

Upon review of plaintiffs' complaint, I find it to satisfy Rules 8(a)(2) and 10(b).  The complaint is stated with sufficient, but not superfluous, detail, and its paragraphs are limited, as far as practicable, to discrete sets of circumstances, such that the City should be able to frame a responsive pleading.  Further, there is no language in the complaint so redundant, impertinent, or scandalous as to warrant the extreme measure of striking.  I will therefore deny the City's motion to dismiss on this basis, as well as its motion to strike under Rule 12(f).

E.   <u>Unjust Enrichment</u>

In its motion to dismiss, the City relies on the defenses raised above to argue that there was no unjust enrichment because its actions in leveling arrest warrant bonds and fines were lawful.  I have rejected these arguments, however, and the City provides no other basis to support its assertion that plaintiffs' claim for unjust

enrichment should be dismissed.  I will therefore deny the City's motion to dismiss directed to plaintiffs' claim of unjust enrichment raised in Count Seven of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of Maplewood, Missouri's motion to dismiss [14] is **GRANTED** as to Count Six of the complaint, and Count Six is hereby dismissed.  In all other respects, the motion to dismiss is **DENIED**. The City of Maplewood shall file its answer to Counts One through Five and Count Seven of the complaint within the time prescribed by the federal rules.

**IT IS FURTHER ORDERED** that defendant City of Maplewood, Missouri's motion to strike [16] is **DENIED**.

The case will be set for a Rule 16 scheduling conference by separate Order.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2017.

- 19 -