UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA ROBERTS WEBB, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:16 CV 1703 CDP |
| THE CITY OF MAPLEWOOD, MISSOURI, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs in this putative class action claim that, by its policies and practices, the City of Maplewood, Missouri (the City), caused warrants to issue against them without probable cause for failure to appear or failure to pay and caused them to pay hundreds of dollars in warrant bond fees or caused them to be jailed because of their inability to pay such fees.  They claim that no inquiries were made into their ability to pay and that they were not afforded counsel prior to being jailed.  They also claim that they are denied fair access to judicial proceedings because they reasonably fear imprisonment if they appear in court without money to pay the warrant fees.  They bring this action under 42 U.S.C. § 1983 alleging that the City's unconstitutional policies and practices deprive them of their rights under the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

The City moves to dismiss plaintiffs' complaint, arguing that plaintiffs have

failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, namely, Maplewood's municipal court. The City argues that plaintiffs' constitutional challenges are directed solely to the conduct of the municipal court – which the City argues is a separate entity – and that the municipal court is therefore required to be joined as a co-defendant under Rule 19(a). But the City argues that joinder is not feasible because the municipal court is an arm of the state under Missouri law and, as such, is entitled to sovereign immunity. The City contends that because there is a potential for injury to the interests of the existing parties and to the municipal court, and because the municipal court is immune from suit, dismissal of plaintiffs' claims is required under Rule 19(b). For the reasons that follow, I will deny the City's motion.

## Discussion

As an initial matter, I note that the City brings its motion under Rule 12(c), which permits a party to seek judgment on the pleadings when the pleadings are closed. A Motion seeking dismissal for failure to join a party under Rule 19 is more properly brought under Rule 12(b)(7), but because the pleadings are closed in the matter, a Rule 12(c) motion for judgment on the pleadings is appropriate. *See* Fed. R. Civ. P. 12(h)(2)(B).

"Broadly speaking, Rule 19 requires the joinder of parties necessary for the fair and complete resolution of the case; when joinder of such a party is not

feasible, however, 'the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015) (quoting Fed. R. Civ. P. 19(b)).  When considering dismissal under Rule 19, the Court engages in a two-part inquiry.

First, the Court must determine whether the absent person's presence is "required."  Fed. R. Civ. P. 19(a)(1).  Joinder is required if:

> (A)   in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i)   as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.*  "[T]he focus of Rule 19(a)(1) is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Cedar Rapids Bank & Trust Co. v. Mako One Corp.*, 919 F.3d 529, 534-35 (8th Cir. 2019) (internal quotation marks and citation omitted).  When joinder is not required under Rule 19(a), "the inquiry is at an end, and the motion to dismiss for failure to join the party in question must be denied."  *Rochester Methodist Hosp.*

*v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984).

If joinder is required but not feasible, the Court must proceed to the second step and "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," considering several enumerated factors.  Fed. R. Civ. P. 19(b).  Factors to consider include:  (1) the extent to which a judgment in the required person's absence might prejudice that person or the existing parties; (2) the extent to which such prejudice could be lessened or avoided by protective provisions or by otherwise shaping the relief to be granted; (3) the adequacy of a judgment rendered in the person's absence; and (4) whether the plaintiffs would have an adequate remedy if the action were dismissed for nonjoinder.  *Id*.  In analyzing these factors in the context of a claim of sovereign immunity, the Court must give sufficient weight to the sovereign status of the absent person, which "in some instances, [will mean] that plaintiffs will be left without a forum for definitive resolution of their claims."  *Republic of Philippines v. Pimentel*, 553 U.S. 851, 872 (2008).

The Rule 19 inquiry is a "highly-practical, fact-based endeavor," and courts are "generally reluctant to grant motions to dismiss of this type."  *Fort Yates Pub. Sch. Dist. No. 4*, 786 F.3d at 671 (internal quotation marks and citations omitted).  "A decision under Rule 19 '*not* to decide' a case otherwise properly before the court is a power to be exercised only '[i]n rare instances.'"  *Nanko*

*Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (quoting *National Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 42 (1st Cir. 2009)) (emphasis in *National Ass'n of Chain Drug Stores*) (alteration in *Nanko Shipping*).

Upon consideration of the above factors, I conclude that the municipal court is not a required party in this action under Rule 19(a). Rule 19(a)(1)(A)'s condition that a court be able to accord complete relief "does not mean that every type of relief sought must be available, only that meaningful relief be available." *Henne v. Wright*, 904 F.2d 1208, 1212 n.4 (8th Cir. 1990). Here, this Court is able to accord meaningful relief to plaintiffs without joinder of the municipal court. Plaintiffs seek money damages from the City, a declaration that the City violated their constitutional rights, and an injunction enjoining the City from enacting and enforcing its allegedly unlawful policies and customs. The Court may provide such relief to the extent that plaintiffs' claims prove to be viable and meritorious. The City's argument that the municipal court, and not the City, caused the alleged constitutional violations may be a reason to deny plaintiffs relief on the merits of their claims,[1] but it does not support a finding under Rule 19(a)(1) that joinder of

---

[1] Plaintiffs' claims arise out of arrests dating back to at least 2013 and continuing through 2016. Although the City supports its argument by citing Missouri Supreme Court Rule 37.04, which governs supervision of courts hearing ordinance violations, the current version of that Rule was not adopted until 2016. The 2016 amendment required, for the first time, that municipal courts operate in substantial compliance with certain minimum operating standards, which were not made effective until July 1, 2017. *See* Mo. S. Ct. R. 37.04 & 37.04 app. A (amended Sept. 20,

the municipal court is required. *See, e.g.*, *Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994) ("Whether the asserted facts support claims other than the ones before the court or whether the complaint here adequately states [the plaintiffs'] claims . . . are not the issues under Rule 19(a)(1).").

Likewise, under Rule 19(a)(1)(B), even assuming that the municipal court has an interest relating to the subject of the action, disposition of the action in the municipal court's absence will not as a practical matter impair or impede the municipal court's ability to protect its interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). In support of its argument to the contrary, the City relies primarily on the Eighth Circuit's opinion in *Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015). In that case, the plaintiffs claimed that the named defendants induced an absent sovereign, the United States, to breach its fiduciary duty by approving leases for interests in land held in trust. *Id.* at 792-93. In other words, in order to prevail on their claims against the named defendants, the plaintiffs were required to prove that the absent sovereign acted illegally. *Id.* at 796. A judgment entered in the sovereign's absence would thus "potentially cloud the validity of many of the land grants approved by the government." *Id.* For this reason, the Eighth Circuit

---

2016, eff. July 1, 2017). Moreover, although the City argues that plaintiffs' allegations concern solely municipal court functions, plaintiffs also allege, for example, that the City's police officers engaged in unlawful seizures, which began the extortion cycle (ECF 1 at ¶ 3); and that the City's prosecuting attorney refused to negotiate disposition of cases, *e.g.*, accepting time served in lieu of cash payments for fines (*id.* at ¶ 135), without the involvement of the municipal court.

found that the United States' ability to protect its interest would be impaired or impeded by its absence from the litigation. *Two Shields*, 790 F.3d at 797.

By contrast, here, none of plaintiffs' claims requires a showing that the municipal court acted illegally. Rather, for plaintiffs to succeed on their claims, they must demonstrate that the City acted unlawfully.[2] *See Fochtman v. Darp, Inc.*, No. 5:18-CV-5047, 2018 WL 3148113, at *6-7 (W.D. Ark. June 27, 2018) (distinguishing *Two Shields* on this ground and holding that an absent sovereign's more remote interest in the outcome of a case was insufficient to require joinder).

Nor would the municipal court's absence subject the City to a substantial risk of incurring double or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). The City's own argument supports this conclusion. The City asserts that, as a matter of law, it cannot be held liable for the municipal court's conduct. If the City is correct, and if the actions complained of were caused by the municipal court and not by virtue of the City's policies and practices, then

---

[2] The other cases relied upon by the City are even more readily distinguishable. *Pimentel* was an interpleader action in which the parties *conceded* that the absent sovereign claiming an interest in the assets at issue was a required party under Rule 19(a). 553 U.S. at 864. And *Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-CV-02819-RDP, 2017 WL 660842 (N.D. Ala. Feb. 17, 2017) and *McMillian v. Johnson*, No. CV-93-A-699-N, 1994 WL 904652 (M.D. Ala. Feb. 18, 1994), were not Rule 19 cases at all but involved motions for summary judgment and to dismiss for failure to state a claim, respectively, which are more appropriate vehicles for resolving merits arguments like the ones the City raises.

plaintiffs' claims may fail on their merits.[3]   But resolution of these issues does not require the municipal court's joinder.  *See Gwartz*, 23 F.3d at 1430.

The municipal court is not a required party under Rule 19(a), and the City's motion must be denied.  *Rochester Methodist Hosp.*, 728 F.2d at 1016.   Given that the municipal court is not a required party, I need not address whether dismissal is required under Rule 19(b).   Further, in light of the extensive briefing submitted on these issues, oral argument is unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that the City of Maplewood, Missouri's Motion to Dismiss for Failure to Join an Indispensable Party [101] is **DENIED**.

　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 CATHERINE D. PERRY
　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2019.

---

[3] Indeed, on interlocutory appeal of my earlier decision to deny the City's motion to dismiss based on immunity, the Eighth Circuit suggested that arguments regarding the culpability of the municipal court be reserved for determination of the merits of plaintiffs' claims.  *See Webb v. City of Maplewood*, 889 F.3d 483, 486 (8th Cir.), *cert. denied sub nom. City of Maplewood, Mo. v. Webb*, 139 S. Ct. 389 (2018).