UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA ROBERTS WEBB, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:16 CV 1703 CDP |
| ) | |
| THE CITY OF MAPLEWOOD, ) | |
| MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Defendant moves to hold plaintiffs in contempt for attempting to introduce a "Probable Cause" claim into this action by way of their class-certification motion. Defendant contends that this attempt to add the claim is in contravention of my April 2020 order (ECF 135) denying plaintiffs leave to file an amended complaint that contained the claim. I will deny defendant's motion for contempt.

For me to hold plaintiffs in civil contempt as defendant requests, defendant must demonstrate by clear and convincing evidence that plaintiffs violated a definite and specific order of the Court that required them to perform or to refrain from performing a particular act with knowledge of the Court's order. *In re Reed*, 888 F.3d 930, 936 (8th Cir. 2018); *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Defendant has failed to do so here. The allegations in plaintiffs' motion for class certification that relate to defendant's

policy of issuing arrest warrants without a finding of probable cause are consistent with the allegations made in plaintiffs' original complaint – including and especially Count IV of the complaint – as summarized in my June 2017 memorandum and order denying defendants' motion to dismiss.  (*See* ECF 35.) Contrary to defendant's assertion in its motion for contempt, plaintiffs' "probable cause" allegations in their class-certification motion address only the arrest-warrant claims presently before the Court; they do not attempt to resurrect the rejected claim that plaintiffs were unlawfully subjected to extended post-arrest detention without a finding of probable cause.

Having fully reviewed the claims and allegations raised in plaintiffs' original complaint, the rejected claims raised in the proposed amended complaint, and the allegations raised in the motion for class certification, I do not find that defendant has established by clear and convincing evidence that plaintiffs violated my April 2020 order denying them leave to amend their complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Contempt [147] is **DENIED.**

                                                                                    CATHERINE D. PERRY
                                                                               UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2020.