UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA ROBERTS WEBB, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 1703 CDP |
| | ) |
| THE CITY OF MAPLEWOOD, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

The parties disagree about whether the class certification hearing in this case should include live witnesses and other evidence to be presented at the hearing or should instead be limited to oral argument based on the law and written evidence submitted with the parties' briefs. Plaintiffs' motion and brief for class certification attaches evidence. Defendant has not yet filed its responsive brief, but the deadlines have provided more than three months for it to prepare its response, and it may, of course, similarly present written evidence. After carefully considering the parties' respective positions, I have determined that an evidentiary hearing is unnecessary in the circumstances of this case, and that the evidence submitted with the parties' briefs will be sufficient. I will therefore deny defendant's request for an evidentiary hearing and the class certification hearing will consist of oral arguments.

When deciding whether to certify a class, the record before the Court must

have sufficient material from which I can determine the nature of the allegations and rule on whether the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met. *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977). "Securing this material does not always require a formal evidentiary hearing." *Id.* Instead, where "the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue." *Id.* The parties agree that I have considerable discretion in deciding whether to hold an evidentiary hearing on plaintiffs' motion for class certification.

The plaintiffs here do not rely on the pleadings alone in moving for class certification. After having had more than an adequate opportunity to conduct discovery on the issue, plaintiffs have submitted testimonial, documentary, and other evidence in support of its motion. Indeed, both sides have engaged in extensive discovery in this action for several years. As plaintiffs aver and defendant does not dispute, the parties have exchanged more than 700,000 pages of documents and have taken fifteen depositions. And because the deadline by which to complete all discovery in this action closed on November 30, 2020 (*see* ECF 129, 5th Amd. CMO), there is no additional discovery to cull in relation to plaintiffs' motion for class certification. Both sides should already have the evidence they need to present on the motion.

Plaintiffs filed their motion for class certification in October 2020 and have

submitted fifty-four exhibits in support, including deposition excerpts, affidavits, expert reports, and jail records.  Defendant has not yet responded to the motion, asking that I first decide whether I will hold evidentiary hearing on the motion.  In its request for an evidentiary hearing, however, defendant makes no showing as to the specific evidence it seeks to present at such a hearing; nor does it identify the factual disputes its evidence would address.  Defendant's vague reference that "one or more witnesses" will testify to "just how extraordinary and overreaching" a proposed class is, and its stated "inten[tion] to present evidence" on whether plaintiffs fit the class definitions (ECF 160 at pp. 4-5) are too nebulous for me to grant its request for evidentiary hearing.

Nor does defendant state why the evidence could not be added to the record by other means.  And given that the deadline to complete all discovery in this action has passed, defendant's articulated intent to elicit testimony from witnesses on issues that were not addressed during their depositions (*see* ECF 160 at pp. 6-7; ECF 162 at pp. 2-3) could in effect serve as an end-run around this firmly set discovery deadline and risks needlessly reopening discovery in this five-year-old case.

Defendant also contends that it relied upon express discussions during the Rule 16 conference that a hearing on any class certification motion would be evidentiary in nature, and that it strategically conducted depositions and discovery with this in mind.  Notably, prior to the Rule 16 conference, the parties did not include in their Joint Proposed Scheduling Plan a provision regarding whether a class certification hearing

would be necessary – evidentiary or otherwise.  (*See* ECF 56.)  After discussing with counsel at the Rule 16 conference the possibility of having a hearing, I included a hearing date in the first Case Management Order with instruction for counsel to notify me one week before the hearing as to how long it would take.  (*See* ECF 59.)[1]  Contrary to defendant's counsel's current representation, whether the hearing would be an evidentiary one was not "expressly" discussed nor "expressly" decided at the conference.[2]

Both sides in this case have been afforded ample opportunity to discover both testimonial and documentary evidence on the class certification issue.  With the opportunity to submit such evidence with their briefs on the motion for class certification, the parties have the opportunity to present to the Court a record from which I can determine whether Rule 23's requirements are met.  Defendant has presented nothing to the Court demonstrating that an evidentiary hearing is required in the circumstances of this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of Maplewood's request for evidentiary hearing on plaintiffs' motion for class certification is **DENIED.**  The briefing schedule on plaintiffs' motion for class certification as set out in my January

---

[1] This instruction was also included in the five amended CMOs that followed.

[2] Defendant's counsel admit that they were not attorneys of record when the Rule 16 conference was held and thus were not present at the conference.  (ECF 162 at p. 2.)

13 Order (ECF 157) remains in effect.  Hearing by way of oral argument on plaintiffs' motion for class certification will be set by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2021.