UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CECELIA ROBERTS WEBB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16 CV 1703 CDP |
| | ) | |
| THE CITY OF MAPLEWOOD, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' Motion and Memorandum for

Final Approval of Class Action Settlement, and accompanying exhibits (ECF 267,

268); the proposed Settlement Agreement (ECF 260-1); Plaintiffs' Motion and

Memorandum for an Award of Attorneys' Fees, Costs, and Service Awards, and

accompanying declarations (ECF 263, 264); and all other papers filed in this

action.  On April 5, 2023, the Court held a Final Approval Hearing to consider the

issues presented in the motions and proposed settlement.  At that hearing, Class

Counsel and Defendant's counsel presented information about the implementation

of the Settlement, which the Parties entered into on October 18, 2022.

On November 18, 2021, the Court certified the Jailed Class, the Narrowed

Paid Fines Class, and the Injunctive Class after contested class certification

proceedings.  (ECF 202.)  At that time, the Court appointed the named Plaintiffs as

Class Representatives and appointed John Waldron, Nathaniel Carroll, and Blake Strode of ArchCity Defenders, Inc., Andrea R. Gold of Tycko & Zavareei LLP, and Ryan Keane of Keane Law LLC as Class Counsel for these Classes.

On November 1, 2022, the Court preliminarily approved the Settlement. (ECF 261.)  At that time, the Court certified an additional Class for settlement purposes, the Remaining Paid Fines Class, and preliminarily appointed Plaintiffs Frank Williams, Cecelia Roberts Webb, and Logan C. Yates, Personal Representative of the Estate of Darron T. Yates, Deceased, as Class Representatives of that Class.  The Court also preliminarily appointed Nathaniel Carroll, Maureen Hanlon, and Blake Strode of ArchCity Defenders, Inc., Andrea R. Gold of Tycko & Zavareei LLP, and Ryan Keane of Keane Law LLC as Class Counsel for the Remaining Paid Fines Class.  In the Preliminary Approval Order, the Court also approved the form and manner of the Notice Program and set a hearing date to consider final approval of the Settlement.

The matter, having been submitted and good cause appearing therefor, the Court finds as follows:

1.      The Settlement Class Representatives and the Defendant, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.   The Court recognizes that by entering into the Settlement Agreement, Defendant City of Maplewood, Missouri, has not admitted any wrongdoing or liability on its part and denies the same.  The Court

recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims.

2.      All defined terms contained herein have the same meaning as set forth in the final Settlement Agreement executed by the Parties and filed with this Court as Exhibit 1 to Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Settlement Agreement") (ECF 260-1).

3.      The Remaining Paid Fines Class, defined as:

> All persons who made a payment of fines, costs, and/or fees to the City of Maplewood that were assessed without an inquiry into their ability to pay, and who paid such fines, costs, and/or fees, and such payment was not a qualifying payment for the Narrowed Paid Fines Class,

meets the requirements of Rule 23(a), (b)(3), Federal Rules of Civil Procedure, for settlement purposes only, in that (a) the Remaining Paid Fines Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the Remaining Paid Fines Class, and there is a well-defined community of interest among members of the Remaining Paid Fines Class with respect to the subject matter of the litigation; (c) the claims of the Remaining Paid Fines Class Representatives with respect to this Class – Frank Williams, Cecelia Roberts Webb, and Logan C. Yates, Personal Representative of the Estate of Darron T. Yates, Deceased – are typical of the claims of the members of the Remaining Paid Fines Class; (d) the Class Representatives will fairly and adequately protect the interests of the members of

the Remaining Paid Fines Class; (e) attorneys Nathaniel Carroll, Maureen Hanlon, and Blake Strode of ArchCity Defenders, Inc., Andrea R. Gold of Tycko & Zavareei LLP, and Ryan Keane of Keane Law LLC are qualified to serve as Class Counsel for the Class Representatives in their own capacities as well as their representative capacities and for the Remaining Paid Fines Class; (f) common issues predominate over individual issues; and (g) a class action is superior to other available methods for an efficient adjudication of the Class's claims.

4.      Notice was provided to all persons identified in the Settlement Class member list in accordance with the Court's Preliminary Approval Order by individual mailings to all persons in the Settlement Class who could be reasonably identified.  Notice was completed by the administrator, Atticus Administration, LLC ("Atticus"), a nationally known class-administration firm with significant experience.  The Court recognizes and approves the content of the Affidavit provided by Atticus regarding the notice, attached as Exhibit 1 to the Memorandum in Support of the Motion for Final Approval of Class Action Settlement.  (ECF 268-1.)  According to the Settlement Administrator, direct notice was provided via Postcard Notice to over eighty-nine percent of the Class members.

5.      Defendant has ensured certain notice of the class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and

1711-1715 was delivered to the Attorney General of the United States and to the appropriate state official in fifty (50) states, the District of Columbia, and Puerto Rico ("CAFA Notice Packets").  (ECF 268-1.)

6.      The Settlement Administrator confirms that all CAFA Notice Packets were delivered as of November 9, 2022.  (ECF 268-1.)

7.      The Court finds that there were three exclusions submitted before settlement, four timely opt-outs after preliminary approval of the settlement, and zero objections to the settlement.   The three excluded Class members and the four opt-out Class members to be excluded from this settlement and final judgment are:  Aarish Wadia, Frederick Rhodes, Sheryl Ortizi, Andi Alimadhi, Linda Souris, Christina Latzer, and Maria Lago Morales (the "Excluded Class Members").   (*See* ECF 268-1, ¶ 15; Final Appr. Hrg., Apr. 5, 2023.)

8.      The Court finds that all aspects of Class Notice were accomplished in accordance with this Court's preliminary approval of the Settlement.

9.      Further, the Court hereby finds that all matters ordered in its Order Granting Preliminary Approval of Class Action Settlement (ECF 261) have been accomplished.

10.     All requirements of statutes, rules, and the United States Constitution necessary to effectuate the Settlement Agreement have been met and satisfied.

11.     Defendant met the requirement of notice to appropriate state and

federal officials under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, and further finds that more than 90 days have elapsed since that notice.

12.     Class Counsel have fairly and adequately protected the interests of the Settlement Class.   This case is complex and involves questions of constitutional law and interpretation as well as issues of sovereign immunity and municipal liability.   Class Counsel worked diligently on the case and moved it toward settlement as quickly as practicable.   This was a result of aggressive, persistent litigation over a period of approximately seven years.   Further, the benefits to the Class are significant.   Attorneys' fees were negotiated at arms-length and approved by all Parties, including the Class Representatives.   There have been no objections submitted by any Class members.   Based on the above, the Court finds that the requested attorneys' fees and costs are fair and reasonable and should be paid from the Settlement.   The Court finds Class Counsel should be awarded $1,083,333.33 to satisfy all attorneys' fees and $132,365.76 in litigation costs incurred in bringing this case, as set forth in Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards. (ECF 263.)   This amount is reasonable given the nature of the case and the work of Class Counsel.

13.     The Class Representatives have represented the Classes fairly and adequately, expending significant personal time in the case – through, for

instance, case investigation, responding to written discovery, submitting to depositions, communicating with Class Counsel, and preparing for trial – to secure relief that will benefit thousands of Class members.  Thus, Class Representative Service Awards in the amount of $7500 per Class Representative pursuant to the Settlement Agreement to Cecelia Roberts Webb, Frank Williams, Anthony Lemicy, and Logan Yates, on behalf of the Estate of Darron T. Yates, Deceased, are fair and reasonable.

14.     The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement; Defendant's financial condition; the complexity and expense of further litigation; and the lack of opposition to the settlement.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

15.     The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members:

(A)     the class representatives and class counsel have adequately represented the class;

(B)      the proposal was negotiated at arm's length;

(C)      the relief provided for the class is adequate, taking into account:

   (i)      the costs, risks, and delay of trial and appeal;

   (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)      the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Good cause appearing therefor,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions for Final Approval of Class Action Settlement [267] and for an Award of Attorneys' Fees, Costs, and Service Awards [263] are **GRANTED.**

**IT IS FURTHER ORDERED** that:

A.  The Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.

B.  The Remaining Paid Fines Class is certified under Rule 23(a), (b)(3), Federal Rules of Civil Procedure, for settlement purposes only.  Plaintiffs Frank Williams, Cecelia Roberts Webb, and Logan C. Yates, Personal

Representative of the Estate of Darron T. Yates, Deceased, are appointed

as Class Representatives to represent the Remaining Paid Fines Class.

Nathaniel Carroll, Maureen Hanlon, and Blake Strode of ArchCity

Defenders, Inc., Andrea R. Gold of Tycko & Zavareei LLP, and Ryan

Keane of Keane Law LLC are appointed as Class Counsel for the

Remaining Paid Fines Class.

C. The Parties will comply with the terms of the Settlement Agreement with

the terms of the Settlement being incorporated in this Order and

accompanying Judgment.

D. All members of the Settlement Classes, their heirs, executors,

administrators, successors, and assigns are bound by this Final Approval

Order and accompanying Judgment.  The Settlement Classes[1] are defined

as:

> **<u>Jailed Class:</u>**  All persons who have been jailed by the City
> of Maplewood for nonpayment of fines, fees, costs, or
> surcharges, including warrant bonds arising from cases in the
> Maplewood court, and who (1) were not provided an
> opportunity to prove indigence prior to jailing; (2) were not
> considered a danger to the community by notation in
> Maplewood's file; and (3) were not designated as a flight risk
> at the time of jailing.

---

[1] In the November 2021 Memorandum and Order granting class certification, the Court certified the Jailed Class, the Narrowed Paid Fines Class, and the Injunctive Class under Rule 23(b)(2), and further certified the Jailed Class and the Narrowed Paid Fines Class as damages classes under Rule 23(b)(3).  (ECF 202.)  The Settlement Agreement provides for certification of an additional Class under Rule 23(b)(3), the Remaining Paid Fines Class, for settlement purposes only (ECF 260-1, ¶¶ 38, 47), which the Court hereby approves.

**Narrowed Paid Fines Class**:  All persons who paid to the City of Maplewood fines, costs, and/or fees that were assessed without an inquiry into their ability to pay, *and* who paid such fines, costs, and/or other fees after being arrested and jailed on Maplewood municipal warrants issued for failure to pay or for failure to appear.

**Injunctive Class:**  All persons, whether or not such person has ever been jailed, who have paid or currently owe warrant bonds to the City of Maplewood arising from cases in the Maplewood court.

**Remaining Paid Fines Class:**  All persons who made a payment of fines, costs, and/or fees to the City of Maplewood that were assessed without an inquiry into their ability to pay, and who paid such fines, costs, and/or fees, and such payment was not a qualifying payment for the Narrowed Paid Fines Class.

E. Defendant and Defendant's employees, agents, appointed and elected officials, insurers, indemnitors, contractors, police or other law enforcement officers, corrections officers, prosecutors, city/municipal attorneys, and persons participating in the operation of the Municipal Court within the City of Maplewood, including municipal judges, clerks, and other personnel (the "Maplewood Released Parties") are released from any and all claims, causes of action, liabilities, and demands, fixed or contingent, that were asserted by Plaintiffs in this case as described in the Complaint in this action or that could have been, or should have been, asserted in the Complaint by the Plaintiffs or any Settlement Class

Member against the Maplewood Released Parties (the "Maplewood Released Claims").

F.  In the event the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims as described in the Settlement Agreement, ¶ 81.  In the event the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

G.  Each and every Settlement Class Member is and shall be conclusively and forever bound by the Settlement Agreement.  The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings. It shall be binding as to all the Released Claims.

H.  Class Counsel and the Class Representatives adequately represented the best interests of the Class for purposes of negotiating, entering into, and implementing the Settlement.

I.  Attorney fees of $1,083,333.33, costs of $132,365.76, and Class Representative Service Award payments of $7500 per Class Representative are fair and reasonable and should be paid from the settlement pursuant to the terms of the Settlement Agreement.

J.  The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order and accompanying Judgment.

No later than 45 days after the Effective Date, Settlement Class Member Payments shall be made from the Net Settlement Fund.  The Settlement Administrator shall issue the Service Awards to the Class Representatives and the award of attorneys' fees and costs to Class Counsel pursuant to the terms of the Settlement Agreement.  Settlement Administration Costs shall also be paid to the Settlement Administrator pursuant to the terms of the Settlement Agreement.

K. Any residual amounts shall be disposed of in the manner set forth in the Settlement Agreement, including, upon request to the Court, a potential *cy pres* award to Joe's Place Corporation, an entity that is a nonprofit organization or foundation that offers homeless teenage boys in the Maplewood Richmond Heights School District a caring home environment.

L. The Releases in the Settlement Agreement are incorporated into this Order and accompanying Judgment and shall become effective on the Effective Date of the Settlement.   Accordingly, except for the four individuals identified above who have validly opted out of the Settlement, each and every Settlement Class Member hereby compromises, settles, and releases each and every one of the Released Claims against the Released Parties.

M. In the event that the Effective Date occurs, this action will be deemed resolved and shall be dismissed on the merits with prejudice and (except as

provided in this Order or in the Settlement Agreement) without any additional costs and attorney fees to any party as against any other.

N. Without affecting the finality of this Order and accompanying Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

O. This Order adjudicates all of the claims, rights, and liabilities of the Parties to the Settlement and is intended to be final and immediately appealable. There being no just cause for delay, a separate Judgment will be entered pursuant to Rule 58, Federal Rules of Civil Procedure.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2023.