UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA ROBERTS WEBB, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:16 CV 1703 CDP |
| THE CITY OF MAPLEWOOD, MISSOURI, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This settled and closed class action is before the Court on the parties' Joint Report Requesting Court Approval of Distribution of Remaining Residual Funds, which includes reimbursement of outstanding costs as well as a proposed *cy pres* distribution of more than $146,000. Because the parties' request does not address some of the legal principles that must be considered in determining a *cy pres* award, I will order them to file a separate Motion for Final Distribution that addresses those principles.

### Background

This case settled for $3.25 million. After attorneys' fees and costs were awarded to class counsel and service awards were made to the class representatives, the remainder of the Settlement Fund was distributed to class members in June 2023. A second distribution was made in November 2023 to those class members who

negotiated their checks from the initial distribution. After negotiation of the second-distribution checks, and after potential reimbursement to counsel of additional costs, at least $146,224.12 in residual monies will remain in the Settlement Fund. It is those residual monies that the parties seek to distribute *cy pres* to Joe's Place Corporation, as provided in the Settlement Agreement.

## Discussion

In *In re BankAmerica Corp. Sec. Litig.*, the Eighth Circuit recognized that the American Law Institute recommends that courts apply the following criteria when considering a *cy pres* distribution:

> A court may approve a settlement that proposes a cy pres remedy. . . . The court must apply the following criteria in determining whether a cy pres award is appropriate:
>
> (a)  If individual class members can be identified through reasonable effort, and the distributions are sufficiently large to make individual distributions economically viable, settlement proceeds should be distributed directly to individual class members.
>
> (b)  If the settlement involves individual distributions to class members and funds remain after distributions (because some class members could not be identified or chose not to participate), the settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.
>
> (c)  If the court finds that individual distributions are not viable based upon the criteria set forth in subsections (a) and (b), the settlement may utilize a cy pres approach. The court, when feasible, should require the parties to identify a recipient whose interests reasonably approximate those being pursued by the class. If, and only if, no recipient whose interest reasonably approximate those being pursued by the class can be

> identified after thorough investigation and analysis, a court may approve a recipient that does not reasonably approximate the interests being pursued by the class.

775 F.3d 1060, 1063-64 (8th Cir. 2015) (quoting ALI Principles of the Law of Aggregate Litigation, § 3.07 (2010)).  Upon consideration of the ALI principles as well as its own precedent, the Eighth Circuit clarified its legal principles for *cy pres* distributions:  1) a *cy pres* distribution of unclaimed settlement funds to a third party is permissible only when it is not feasible to make further distributions to class members; 2) a *cy pres* distribution is not authorized by simply declaring that all class members who submitted claims have been satisfied in full; 3) a district court may not order a *cy pres* distribution based only on its sole discretion; 4) unless the amount of funds to be distributed is de minimis, a district court should make a *cy pres* proposal publicly available and allow input from class members; and 5) any *cy pres* distribution must be for the next best use for indirect class benefit, and for uses consistent with the nature of the underlying action and with the judicial function.  *Id.* at 1064-67.  *See also In re BankAmerica Corp. Sec. Litig.*, No. 4:99 MD 1264 CDP, 2022 WL 17609899, at *2-4 (E.D. Mo. Dec. 13, 2022).

A residual fund here of $146,224.12 represents about 4.5% of the total settlement.  If it were distributed to the class members who negotiated their checks from the second distribution (which, according to the settlement administrator, will approximate 6698), each payment *on average* would be in the amount of $20.90; but, given the *range* of past payments, some class members could possibly receive

hundreds or thousands of dollars.  (*See* ECF 283-1, Nov. 2023 Status Report, Exh. A, Bridley Affid. at ¶ 7; ECF 285-1, Feb. 2024 Status Report, Exh. A, Bridley Affid. at ¶ 7.)  That circumstance warrants serious consideration of the *In re BankAmerica* factors – and particularly the first and fourth factors – before I approve *cy pres* distribution in this case.

Accordingly,

**IT IS HEREBY ORDERED** that not later than **April 22, 2024** the parties shall make an appropriate joint Motion for Final Distribution of any monies that remain in the Settlement Fund after the deadline for negotiating all second-distribution checks.  The motion shall include the final balance of the monies remaining in the Fund and shall address the factors for *cy pres* distribution set out in *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060 (8th Cir. 2015), and particularly the first and fourth factors.  If appropriate, the motion may include a proposal for the payment of outstanding costs, a third distribution to class members, and *cy pres* distribution to Joe's Place Corporation of any residual funds that remain thereafter.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2024.